The GEORGIA RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* JOHN C. GOLDWIRE, defendant in error.

1. A railroad employee, injured while on duty in connection with the running of the cars, can, if free from fault himself, recover from the company for the negligence of co-employees in the same service.

2. The verdict in the present case was not contrary to law, if the jury believed the conductor negligent and the plaintiff free from negligence; and the evidence in support of the verdict is not so weak as to require this court to overrule the judge below in refusing a new trial. He used his legal discretion without abusing it. ·

Railroads. Master and servant. New trial. Before Judge BARTLETT. Morgan Superior Court. September Term, 1875.

Reported in the opinion.

BILLUPS & BROBSTON, for plaintiff in error.

A. G. & F. C. FOSTER, for defendant.

BLECKLEY, Judge.

Goldwire, the plaintiff below, was injured while coupling the cars, in the line of his duty, as "train hand" in the employment of the railroad company. The jury rendered a verdict in his favor for $2,000 00 damages. The company moved for a new trial, the grounds of the motion being that the verdict was contrary to evidence and to the charge of the court. The motion was overruled.

1. The injury, if imputable to the company at all, was caused by the negligence of the conductor or the engineer (one or both) engaged upon the same train of cars, and therefore about the same business with the plaintiff. They were his fellow servants. For this reason it is contended that there could be no recovery. Sections 2083 and 2202 of the Code are relied upon. Under these sections it is insisted that only such employees can recover as cannot possibly control those who should exercise care and diligence in the running of trains. It is said, in argument, that a "train hand" can control the conductor and the engineer by reporting them for neglect of duty. The evidence shows that the conductor is in command of the train, and that both the engineer and the train hand are subject to his control. They take their orders from him while all are on duty together. Indirect control, by informing or reporting to common superiors, is not a very effective resource against the negligence or misconduct of a co-employee invested with this direct control. But the two sections cited do not exhaust the law contained in the Code applicable to the subject. Sections 3033 and 3036 are to be considered also; and they, we think, declare in unmistakable terms, that any employee who is free from fault can recover for the negligence of any other employee, without respect to whether the

two are engaged about the same business or not.    This is the invariable rule that holds between railroad companies and their employees under our Code.

2.  If the jury believed from the evidence that the injury was occasioned  by the conductor's negligence, especially, and that the plaintiff was, himself, without fault, their verdict was not contrary to law or to the charge of the court.    There was certainly evidence tending to establish these facts, and we cannot say that it was insufficient.    It was weighed by the jury, and the judge who presided at the trial was content to let the verdict stand.    Unless there was some abuse of his discretion, we should not interfere; and it seems to us that no abuse of it appears.

Judgment affirmed.