E. P. WILLIS *et al.*, plaintiffs in error, *vs.* JOHN McGOUGH & COMPANY, defendants in error.

A vendee who has himself warranted to his vendor cannot recover against the latter for a breach, nor can he transmit to another the right so to recover by conveying the land with covenant of warranty.

Warranty. Vendor and purchaser. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1875.

Reported in the opinion.

INGRAM & CRAWFORD, for plaintiffs in error.

PEABODY & BRANNON, for defendants.

JACKSON, Judge.

This was an action of covenant for breach of warranty of title to land. The facts were that Abercrombie sold to Leonard with warranty, Leonard sold to McGough & Company with warranty, taking bond for titles when he paid them

money loaned, and when the debt was paid, McGough & Company conveyed back to Leonard with warranty, and then Leonard sold to plaintiffs with warranty. While Abercrombie was in possession, judgments were obtained against him, under which the land was sold and the plaintiffs were evicted. The court charged the jury that under this state of facts the plaintiffs were not entitled to recover; thereupon the jury found for defendants, and the error assigned is the charge of the court.

The plaintiffs could recover if Leonard could. Could Leonard recover from the defendants? They held his warranty and he held theirs. If he recovered from them, they could immediately recover back from him; and hence the law, as well as common sense, would not allow Leonard to recover from McGough & Company. But if Leonard could not recover from McGough & Company, his feoffee, Willis & Company, could not, for they hold his warranty and stand in his shoes. He could not transmit to another a right which he did not possess himself. This case is controlled by that of *Fields vs. Willingham et al.*, 49 *Georgia Reports*, 345, which rules that Leonard could not recover under the facts here, and that of *Martin vs. Gordon*, 24 *Georgia Reports*, 533, which rules that no subsequent vendee from Leonard could in such a case recover. We therefore think the charge correct and the verdict right; and as this controls the case, it is unnecessary to consider the other point made in respect to the transaction between Leonard and McGough being only a mortgage.

Judgment affirmed.