THE ATLANTA AND RICHMOND AIR LINE RAILWAY COMPANY, plaintiff in error, *vs.* JAMES M. CAMPBELL, defendant in error.

1. An employee of a railroad company, suing the company for a personal injury sustained from the negligent performance of an act in which he participated, has not made a *prima facie* case for recovery, without proving, either that he was wholly free from fault himself, or that there was negligence on the part of his fellow servants. If he rests on a presumption of negligence without actual proof thereof, that presumption applies to him with the same force as to others who participated in the same act of common duty, and to get the benefit of the presumption as applied to the others, he must rebut it so far as it applies to himself.

2. The cases in *53 Georgia Reports, 488,* and *54 Ibid., 509,* compared and reconciled.

3. The evidence in the present case fails to establish, affirmatively, either basis of recovery; it leaves the plaintiff's diligence unvindicated, and it fixes no negligence on others.

Railroads. Negligence. Presumption. Before Judge RICE. Gwinnett Superior Court. September Term, 1875.

Campbell, an employee of the Atlanta and Richmond Airline Railway Company, brought case for personal injuries sustained by him. The jury returned a verdict for the plaintiff. Defendant moved for a new trial on the following, among other grounds: Because the verdict, under the evidence, was contrary to the following charges of the court:

1st. "That in order to entitle the plaintiff to recover in this case, it must appear from the evidence that the plaintiff was himself without fault, and the *onus* was on the plaintiff to show by proof that he was without fault."

2d. "That if the injury was the result of a pure accident, and that without fault on the part of defendant, then the plaintiff would not be entitled to recover."

The motion was overruled, and defendant excepted.

The other material facts will be found in the opinion.

JOHN COLLIER; T. M. PEEPLES, for plaintiff in error.

HILLYER & BROTHER, for defendant.

BLECKLEY, Judge.

1. We deal only with those grounds of the motion for new trial which question the sufficiency of the evidence to support the verdict, under the law applicable to the case. When the case was here on a former writ of error, (53 *Georgia Reports*, 488,) it was ruled, among other things, that for the plaintiff to recover it was necessary for him to show that the injury was caused without fault or negligence on his part. We see no reason to doubt the correctness of that ruling, on the special facts then in evidence, and now in evidence. The suit is for an injury alleged to have resulted from the negligent performance of work and labor in which the plaintiff actively participated. He was engaged, with others, in delivering telegraph poles along the line of the railroad, and in the act of attempting to land one of the poles from the car, it was turned out of its proper course by striking against a standard. Before it came to rest, it threw the plaintiff off the car and fell upon him. If the pole had been passed over the standard instead of being thrown when not lifted high enough to clear it, there is no reason to suppose that anything would have gone wrong. It was the failure to have the proper elevation, when the pole was put laterally in motion, that constituted the irregularity. The plaintiff, himself, was one of the persons who aided in lifting the pole and putting it in motion. Did he do his whole duty, or was it partly by his negligence or fault that the irregularity occurred? If he was not in fault, who was? Did the evidence show distinctly that any of the employees, other than the plaintiff, were negligent at this stage of the transaction, the irregularity would be accounted for. But it does not. There is the same abstract probability that he was derelict as that anybody else

was, and the matter is left to be dealt with, either as misadventure, or as the result of negligence common to the plaintiff and his fellow servants. If he would affirmatively exculpate himself or inculpate them, either would be sufficient; but, not having done the latter, he is bound to do the former or fail in his suit. The proof of negligence, in others, adequate in its nature to have produced the particular effect to be accounted for, would change the *onus*. The presumption would then be, that as a sufficient cause was in sight, the whole cause was discovered.

2. It is obvious that suits against railroad companies by their employees for personal injury, present two classes of cases. In one, the injury is the offspring of some act in which the plaintiff participated; in the other, he is passive and the particular act from which his injury results, is performed wholly by other servants of the same master. This case, as reported in 53 *Georgia Reports, supra*, belongs to the former class, and it will be seen that the rule announced in the first head-note above is confined accordingly. Of the other class is the case in 54 *Georgia Reports*, 509; and this distinction will serve to reconcile the two cases. With some correction of phraseology, which is too general, both may be found worthy to stand as permanent rules of decision.

3. It remains only to add, that the evidence in the record before us is not sufficient to make a basis of recovery on either of the two lines of proof which have been indicated. The plaintiff, by reason of the loss of memory consequent upon the injury, has the misfortune not to know whether he performed his duty or not. We are impressed with his candor as a witness in his own case, and if the law could bend at all, we should deem his infirmity and veracity put together, as giving a claim on its favor. But the law is constant and impartial; neither has he succeeded in fixing any fault or negligence on any of his co-employees. The occurrence has, to us, the appearance of an accident, and we think there should be a new trial.

Judgment reversed.