WILLIAM E. BUXTON *vs.* SOMERSET POTTERS' WORKS.

Essex. Nov. 8, 1876. — Jan. 15, 1877. COLT, DEVENS & LORD, JJ., absent.

A witness, who testifies to an admission of the plaintiff, may be asked on cross-examination what was his apparent condition when he made it.

In an action for injuries sustained while attempting to oil a part of the machinery of a steam-engine, an expert was asked if he thought that the plaintiff, in oiling that part, could have been injured, unless he was careless. *Held,* that the exclusion of this question afforded the defendant no ground of exception.

An exception to a refusal to rule cannot be sustained, if it does not appear that evidence was offered calling for such a ruling.

TORT for personal injuries sustained by the plaintiff while in the defendant's employ, in attempting to oil a part of the machinery of a steam-engine. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

It was admitted that the plaintiff, immediately after the accident, stated to Leonard C. Pierce, the superintendent of the defendant, that it was through his own carelessness that he was injured. The plaintiff then attempted to prove by Pierce, that, at the time when this admission was made, the said plaintiff was laboring under severe pain and suffering, the result of the injuries which he had sustained. To prove that the plaintiff was in extreme pain at that time, the following questions were asked by the plaintiff's counsel of Pierce, who was not on the stand as an expert: 1. " Did you at the time think the plaintiff was seriously injured ? " (it not appearing at the time that witness had examined the injuries which the plaintiff had sustained.) 2. " Did you think he was suffering severely ? " These questions were admitted, and the defendant excepted.

The defendant attempted to prove that the plaintiff was injured through his own carelessness, and called one Arnold, as an expert engineer, and asked him the following question : " As an expert engineer, being thoroughly conversant with the machinery and the attendant risks in running said machinery, do you think the plaintiff, in oiling that pulley, could have been injured unless he was careless ? " The judge excluded the question, and the defendant excepted.

It being admitted that the plaintiff knew that the work he undertook was dangerous in some respects, but, he denying that he knew of the peril by which he was injured, the defendant attempted to show that the fact that the plaintiff had refused to perform the work at first, and only consented at length to perform it because he feared that if he did not he would be discharged, made him guilty of contributory negligence, and that, being injured in the performance of the work, he could not recover, and asked the following ruling : " When a servant, believing there is danger in performing work which he has been requested to perform, refuses to perform it, but afterwards undertakes the work because he fears being discharged, he does so

voluntarily, and, if he is injured in so doing, cannot recover.' The judge refused so to rule.

The jury found for the plaintiff; and the defendant alleged exceptions.

*J. W. Cummings*, for the defendant.

*S B. Ives, Jr. & E. T. Burley*, for the plaintiff.

AMES, J. The question addressed to the witness Pierce was put on his cross-examination. He had testified in chief to a declaration on the part of the plaintiff. It was certainly competent upon cross-examination to inquire into the circumstances attending that declaration, and the apparent condition of the party from whom it proceeded. It is easy to suppose a state of things existing which might greatly qualify the effect of such evidence. But upon this point it is perhaps enough to say that, as we do not know what answer was given to the question, we cannot see that any injury was done to the defendant by allowing it to be put. *Hackett* v. *King*, 8 Allen, 144. *Hobart* v. *Plymouth*, 100 Mass. 159. *Kershaw* v. *Wright*, 115 Mass. 361.

Neither can we see that any wrong was done to the defendant by the exclusion of the testimony of an expert as to the impossibility, or improbability, that the plaintiff could have sustained the injury, without carelessness on his own part. Whether he had been wanting in reasonable care was a question for the jury. It was proper for the witness to describe the machinery, and to explain all its facilities and appliances for avoiding or diminishing danger in its use. But it was for the jury, and not for him, to draw conclusions from the circumstances so detailed. *Simmons* v. *New Bedford Steamboat Co.* 97 Mass. 361. *Nowell* v. *Wright*, 3 Allen, 166. *Ashland* v. *Marlborough*, 99 Mass. 47. *Tuttle* v. *Lawrence*, 119 Mass. 276.

With regard to the instruction requested, it does not appear that any evidence had been offered that called for such a ruling, and the exception to its refusal by the presiding judge cannot be sustained.                                    *Exceptions overruled.*