JONES *vs.* THE GEORGIA SOUTHERN RAILROAD *et al.*

·1. Leaving a copy of a declaration and process with a depot agent is not sufficient service on an individual lessee of the railroad.

2. This suit being by an employé against a railroad to recover damages for an injury done to him by a co-employé, and the evidence failing to show either that he was without negligence or that there was negligence on the part of his fellow servants, a non-suit was properly awarded.

Service. Railroads. Damages. Negligence. Non-suit. Before Judge MCCUTCHEN. Whitfield Superior Court. October Term, 1880.

Jones brought case against Tucker and the Georgia Southern Railroad jointly, as partners in running the road, for an injury done to him by a co-employé, he being him-

self a track-hand on the road. The entry of the service was as follows:

" Served Charles N. Brown, the depot agent of defendants, with two copies of the within writ and process personally, by leaving it with him at the depot of said railroad, in Dalton, Georgia, it being the ordinary and usual place of doing the public business of said railroad in said Whitfield county, Georgia. This January 22nd, 1880.

(Signed,)           FRED. COX, Sheriff."

A letter was also mailed by the clerk to James P. Wallace as president " of the leasing company of said railroad," informing him of the pendency of the suit. Subsequently an entry of *non est inventus* was made as to Tucker.

Both Tucker and the Georgia Southern Railroad traversed and excepted to the entry of service. The question of fact thus raised was by consent submitted to the court. It appeared that Walker and Tucker, the assignees of the Selma, Rome and Dalton Railroad of Alabama, of which the Georgia Southern Railroad was the connecting link in this State, had leased the latter and operated it under the lease. The only items of the lease material to an understanding of this point are the following:

" Fourth.— The parties of the second part, (Walker and Tucker, assignees,) have heretofore accounted, and hereafter agree to account, in each and every month with the party of the first part, (the Georgia Southern Railroad,) for the earnings gross and net of said leased property and to pay therefor, as rent at the end of each month, or as soon thereafter and in the month next succeeding as accounts can be made, such part of the net earnings of the entire line of said railroad in Georgia and Alabama, as shall appear by the proper apportionment to belong and apply to the portion of said railroad in Georgia, and to render said accounts and to remit said rent to the New York Guaranty and Indemnity Company at the city of New York, which is hereby designated by the party of the first part for that purpose.

Fifth.—It is further agreed the party of the first part shall in like proportions as are stated in the fourth article above, bear its part of the expenses of operating the entire line of railway in Alabama and Georgia, including repairs to rolling stock used in whole or in part in Georgia, which proportion of expenses being twenty-eight and four-

seventeenth per cent., is to be deducted from the proportion of the gross earnings of the part of the line of railroad in Georgia.

And the party of the first part agrees to pay to the parties of the second part one thousand dollars per month for the use of the rolling stock and motive power of the Selma, Rome and Dalton Railroad Company in operating said railroad in Georgia, in addition to the proportion of repairs of machinery above mentioned."

The court held the service bad as to Tucker, and plaintiff excepted. The case proceeded against the railroad. Plaintiff's own testimony as to the manner of the accident, which with testimony as to the amount of damage, etc., made up the case relied on by him, was as follows:

" On the 20th of November, 1878, while at work on the railroad running from Dalton, Georgia, to Selma, Alabama, *via* Rome, Georgia, he received an injury to his left foot. He was an employé on said railroad, which is usually called Selma, Rome and Dalton Railroad. He was at work on said day a few hundred yards below the car-shed, in Dalton, Georgia, said county. He was a track hand—had been so engaged for about twelve months. John Quinn, track boss, gave orders to remove from a hand-car a bar of iron, which bar was track iron, about thirty feet long, and very heavy—about as much as six men could lift or handle easily. Said Quinn had stepped off; six of them took hold of the bar and carried it over the State Road track, which was east, and near the railroad on which he was at work. When they got on the State Road track, Joe Parker called out, ' over,' and called out again, ' down on the end of the ties.' Joe Parker was at his end of the bar, there being three men at each end of the bar; the hands at the opposite end from him threw their end of bar over on the ground beyond end of ties. When Joe Parker called out, ' over,' witness placed his foot on the track iron and started to throw, and when Parker said, ' down on the end of the ties,' witness tightened his grasp and tried to throw down on end of ties, but the other end striking the ground beyond the end of the ties caused the bar to strike, about its middle, the end

of the ties, or to bounce from striking the ground. It so bounced as to fall on his left foot. Joe Parker has done the calling ever since he went on said road and was an employé on the same. Parker did the calling because he had a loud or strong voice. * * * * He was employed by the track boss and paid like other hands."

On motion of defendant, the court granted a non-suit and plaintiff excepted.

D. W. HUMPHREYS; W. K. MOORE, for plaintiffs in error.

SHUMATE & WILLIAMSON; C. D. McCUTCHEN, for defendants.

CRAWFORD, Justice.

Marion Jones, the plaintiff in error, brought suit in the court below against the defendants for two thousand dollars, for damages alleged to have been sustained by him, by the carelessness and negligence of their employés and agents, and without fault or negligence on his part.

On exceptions to the service, the judge below after hearing testimony—the facts as well as the law on the traverse having been submitted to him—held that the service on the Georgia Southern Railroad Company was good, but that there had been none upon the defendant, John Tucker. To that part of the ruling referring to the service upon Tucker the plaintiff excepted. The plaintiff then proceeded to submit his testimony on the merits of the case, and when he had closed, counsel for the defendant moved a non-suit, which was granted, and the plaintiff again excepted.

1. The testimony showed that the Georgia Southern Railroad, with all its property and franchises, had been leased to Thomas A. Walker and John Tucker, receivers of that part of the Selma, Rome and Dalton Railroad which

lies in the State of Alabama. This lease was made in pursuance of law, and by the authority of the charter of the Georgia Southern Railroad Company, as well as by the decretal order of the chancery court for the fifth district of the middle division of Alabama. This railroad, therefore, being operated by, and in the possession of, individuals, under a legal and valid lease, service should have been perfected as provided by law for such cases before the court could obtain jurisdiction of them.

The attempt to serve the defendant, Tucker, by leaving a copy of the declaration and process with an agent in Dalton, was properly ruled to be no service. Such service is only good against a corporation. Code, §3369.

2. On the judgment of non-suit to which exception was also taken, we can see no error. The plaintiff, Jones, was the track-hand and servant of Walker and Tucker, lessees, and not of the Georgia Southern Railroad Company, then the only defendant before the court in this case.

But if this were not so, the law requires before a recovery can be had by an employé of a railroad company, who sues for a personal injury sustained by the negligent performance of an act in which he participated, he must either show that he was wholly free from fault himself, or that there was negligence on the part of his fellow-servants, and until this is done, he has not made a *prima facie* case against the company. 56 *Ga.*, 586; 58 *Ib.*, 107; 59 *Ib.*, 436; *Ib.*, 73; 60 *Ib.*, 119

The testimony offered being insufficient to bring the plaintiff's case within these requirements of the law, a judgment of non-suit was properly awarded.

Judgment affirmed.