24117. SINCLAIR *v.* KELLY.

Decided November 12, 1934.

*Robert G. Mitchell Jr., Lee S. Purdom, John W. Wagner,* for plaintiff in error.

*Memory & Memory,* contra.

SUTTON, J. 1. $675 is not an excessive amount to receive as the reasonable value of the services performed by the plaintiff in suckling at her breast, raising as one of her family, and educating in like manner as she did the children of her body, her infant brother from six weeks old to his majority, upon the promise of her father that he would pay the plaintiff what it was worth for her to care for and raise the child. This is so although the child, living on the farm of his sister, helped with the farm work along with the other children; and, on reaching seventeen or eighteen years of age, worked a part of the time away from home, turning over to the plaintiff the larger portion of his pay therefor. Civil Code (1910), § 4399. This child was a weakling in his tender years, requiring constant and careful attention, and plaintiff nursed him through more than one serious illness, all of which the jury could take into consideration in arriving at the reasonable value of the services performed by the plaintiff. An excessive verdict, such as would authorize this court to set aside the verdict of a jury rendered in an action on a quantum meruit for the reasonable value of services performed in caring for and supporting a child from infancy to majority, would have to be a verdict for a sum not authorized under the evidence or for so large an amount as would shock the moral sense to such an extent as to lead to the belief that the jury were actuated by undue or improper motives or influences. See *Central R. Co.* v. *DeBray,* 71 *Ga.* 406, 422.

2. In a quantum-meruit action for the reasonable value of the services performed by the plaintiff, it was competent for the child, now a grown young man, for the rearing of whom plaintiff was seeking recompense from the estate of her deceased father under an agreement with him to pay her the reasonable value of these services, to testify as to the manner in which the plaintiff raised and cared for him from infancy to manhood, and to testify that these services were the best that the plaintiff, under the circumstances, was able to perform. Such testimony was not objectionable as a mere conclusion of the witness.

3. The evidence supported the verdict, and, no error of law ap-

pearing, the trial judge did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*