Blair vs. The Mil. & P. du C. R. R. Co.

## BLAIR VS. THE MILWAUKEE & PRAIRIE DU CHIEN RAILROAD COMPANY.

*Evidence as to damages from injury to the person—Must be of facts, not opinions.*

In an action by one of a mercantile firm against a railroad company for injuries to plaintiff's person caused by defendant's negligence, plaintiff cannot ask the other partner, as a witness for him, what was the amount of damages to said firm for a specified time, by reason of plaintiff's absence caused by his injuries. It is not competent for the witness in such a case to state his *opinion* as the amount of such damages, but only to state *facts* from which the jury can estimate their amount.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought to recover for injuries suffered by the plaintiff while being conveyed as a passenger in a train of cars on defendant's road. The occasion on which the injuries were received was the same as that described in the preceding case of *Blair and wife* against the same defendant (*ante,* p. 254), to which reference is here made. The single point on which the judgment was reversed here, will sufficiently appear from the opinion.

Verdict and judgment for the plaintiff; and defendant appealed.

*Finches, Lynde & Miller,* for appellant, as to the inadmissibility of the question put to Mr. Persons, cited *Lincoln v. S. & S. Railroad Co.,* 23 Wend., 425; 3 Hill, 609; 5 id., 603; 4 Denio, 318; 29 Barb., 425; 2 Coms., 515; 17 Wend., 161.

*Butler & Cottrill,* for respondent.

COLE, J. We are of the opinion that there must be a new trial in this case, on account of the admission of improper evidence on the question of damages. Upon the trial, the witness Persons, among other things, was asked by the counsel for the plaintiff the following question: "What was the amount of damage to the firm of *Blair* & Persons for the year 1863 by reason of the absence of *Mr. Blair*?" This question was objected to, but the objection was overruled, and the witness pro-

ceeded to state that for that year he should estimate the damages to the firm at $4,000 or $5,000.    It is now insisted that this question was improper, because it called for the opinion of the witness as to the amount of damage which the plaintiff (or the firm of which he was a member) had sustained in consequence of his absence, which, it is claimed, is not a matter upon which the opinions of witnesses were admissible.    In support of this position, we have been referred to a number of cases, which clearly show that the question, in the form in which it was put, was improper.    The case of *Lincoln v. Saratoga & Schenectady R. R. Co.*, 23 Wend., 424, is directly in point.    That was an action brought by a passenger for injuries sustained through the negligence of the employees of the company.    The plaintiff was a member of a mercantile firm in Boston carrying on the business of jobbers in dry goods.    And for the purpose of showing the amount of damages which he had sustained, the plaintiff offered witnesses acquainted with the nature and extent of his business, who were permitted to give their opinions as to the amount of damage which he must have sustained in consequence of his absence.    The supreme court reversed the judgment and ordered a new trial, upon the distinct ground that the opinions of witnesses as to the amount of the loss were inadmissible, although they might be merchants residing in the vicinity of the plaintiff, and well acquainted with his business. The court held that while intelligent merchants residing in the vicinity and engaged in the same line of business with the plaintiff, might give a more accurate judgment than others as to the amount of damage, yet their opinions upon the subject were merely conjectures, and did not furnish a safe guide for the verdict of a jury.    On questions of peculiar skill and judgment, men instructed in the particular trade or science are permitted to give their opinions in evidence.    But these cases all stand upon the general ground that they involve questions of science or skill, about which opinions are sought.    This case, however, does not come within that class.    Here, after the jury

are informed as to the nature, character and extent of the business transacted by the firm of *Blair* & Persons; of the business capacity and ability of the plaintiff; of the activity of trade &c., they are presumed to be able to estimate the loss which he has sustained in consequence of his absence.

In the case of the *Rochester & Syracuse R. R. Co. v. Budlong,* 10 How. Pr. R., 289, Mr. Justice SELDEN discusses the grounds upon which the opinions of witnesses are received as evidence, and comes to the conclusion that when a question is so framed as to embrace the legal rule or measure of damages, it is improper. The rule of damages is, in all cases, a question for the court; and an answer to a question as to the amount of damages in a suit, must necessarily assume, he thinks, the legal rule with reference to which the damages are to be assessed, and hence should be rejected. See an instructive opinion by the same judge in *Dewitt v. Barley et al.,* 9 N. Y., 374, 388; *Same Case,* in 17 N. Y., 340; also the case of *Clark v. Baird,* 9 id., 183, where the authorities are fully examined. In *The New England Glass Co. v. Lovell et al.,* 7 Cush., 319; *Joyce v. Maine Ins. Co.,* 45 Maine, 168; *Rawls v. American Mutual Life Ins. Co.,* 27 N. Y., 282, the same question arose, and is more or less considered.

In view of all these authorities, it seems to us clear that the above question was improper and should have been rejected. That it had a direct bearing upon the question of damages is of course undeniable, and was calculated to substitute the opinion of the witness for the judgment of the jury upon the facts of the case.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.

DOWNER, J., did not sit in this case.

On a motion for a rehearing, the defendant's counsel urged the court to decide some of the other leading questions as to the admissibility of evidence, presented by the record; but the motion was denied.