## WYLIE vs. THE CITY OF WAUSAU.

*February 5 — February 24, 1880.*

### Evidence.

In an action by a practicing physician for injuries from a defective highway of the defendant city, the amount of damages being in question, another physician of the same city, as a witness for the defense, was asked whether he would have known of "any falling off of plaintiff's practice, if that had been the case;" what would have been, during the time since the alleged injuries, a fair amount of patronage *per diem* for an ordinary physician of fair standing, without any physical disability to attend calls; and "what a fair division of the patronage as it existed, on plaintiff's part, would amount to." *Held*, that there was no error in overruling the questions, as not properly calling for the opinion of the witness as an expert, and as tending to substitute his opinion for that of the jury upon a question directly in issue.

APPEAL from the Circuit Court for *Monroe* County.

Action for injuries received by the plaintiff, a practicing physician, while traveling in a buggy at night along a street in the defendant city, in consequence of his buggy striking a log lying in the street, and his horses becoming frightened by the noise and shock, and running away. The complaint alleges that, under the defendant's charter, it was its duty to keep the streets in good order and prevent their being incumbered by anything which would render them unsafe for travel; that the street here in question was one much traveled and used by the citizens; that at the time of the accident, and for a long time prior thereto, it was incumbered at and near the place of

the accident by great quantities of saw-logs piled to a great and dangerous height on each side of the street; that said obstruction was permitted by defendant to remain in dangerous proximity to the center of the street, leaving so narrow a passage between the piles that teams could not pass each other at that point; that defendant's officers and agents whose duty it was to see that the street was kept in good order, knew or with reasonable diligence might have known of its dangerous condition for a long time before the accident; and that on the night of the accident a large saw-log, against which plaintiff's buggy struck, had been loosened by the melting of the snow under said pile of logs, and had rolled down into the narrow passage for teams aforesaid. Other averments were added to show that plaintiff was driving with due care, etc.

At the trial, defendant objected to the introduction of any evidence under the complaint, on the ground that it did not state a cause of action; but the objection was overruled.

Certain evidence offered by defendant, and rejected, is stated in the opinion.

The plaintiff had a verdict assessing his damages at $1,800; a new trial was refused; and defendant appealed from a judgment on the verdict.

For the appellant, there was a brief by *Chas. V. Bardeen*, its attorney, with *Silverthorn & Hurley*, of counsel, and oral argument by *Mr. Bardeen*.

For the respondent, there was a brief by *J. A. Kellogg*, and oral argument by *J. M. Morrow* and *Mr. Kellogg*.

ORTON, J. On the trial of this cause, the following questions were propounded to the witness Dr. Searles, which were not allowed, and the appellant excepted:

" Would you have known of any falling off of *Dr. Wylie's* practice, if that had been the case? "

" Is the field of practice there so large that you would not have known if there had been a falling off of *Dr. Wylie's* practice in the last five or six years? "

"What would be a fair amount of patronage *per diem* for a physician, of the qualifications of an ordinary physician, of fair standing, since the spring of 1872, at Wausau, without any physical disability to attend calls?"

"Can you state what a fair division of the patronage as it existed, on his part, would amount to?"

These questions were clearly not proper as being professional or as addressed to an expert, because no foundation for them had been laid by first ascertaining the witness's knowledge of the facts upon which his opinion as an expert could be based. 1 Greenl. Ev., § 440. In any other view they would not elicit any specific facts bearing upon the issue, or any opinion which would be strictly that of an expert. In *Blair v. The Milwaukee & P. du C. Railroad Co.*, 20 Wis., 262, the question addressed to Persons, the copartner of Blair in trade, was as to the damages to the partnership business caused by his injury and consequent absence. This court held that the witness's opinion upon the subject, although he might give a more accurate judgment than others, because in the same business, was merely conjecture, and did not furnish a safe guide for the verdict of the jury, and was not admissible as expert testimony. In that case it was held further that the testimony was inadmissible because it had a direct bearing upon the question of damages, and was calculated to substitute the opinion of the witness for the judgment of the jury upon the facts of the case.

These questions were very similar in character and effect to the questions, held by this court inadmissible, in the case of *Oleson v. Tolford et al.*, 37 Wis., 327. "State, if you know, from your own knowledge of the condition of the road at the time, what would be the chances for a stage coach to tip over, being driven by an ordinarily prudent driver?" "Was that stage overloaded, in your opinion?"

The statement in the charge of the court, if otherwise fair and impartial, of what "the testimony tended to prove," is the

common and approved form of speaking of the evidence at all, in instructing the jury upon the law, and is certainly not a statement of what the testimony *actually* proves. The circuit court distinctly submitted to the jury all questions of fact in language which they could not misunderstand, and we think the general charge was a very full and fair exposition of the law of the case. It appears to us that the charge embraced substantially every principle of the special instructions asked by the learned counsel of the appellant, that the verdict is supported by the evidence, and that the damages are not excessive.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.