THE MISSOURI PACIFIC RAILWAY COMPANY v. N. E. HARRELSON *et al.*

1. RAILROAD — *Fences — Valid Statute.* Chapter 154 of the Laws of 1885, "An act to compel railroad companies to fence their roads by and through lands inclosed with a lawful fence," is constitutional and valid.

2. ACT — *Title, Sufficiently Clear.* The title to an act is sufficient if it indicates clearly, though in general terms, the subject-matter of the legislation. (*The State v. Barrett,* 27 Kas. 213,)

*Error from Miami District Court.*

THE opinion states the case.

*W. A. Johnson,* for plaintiff in error.

*Jno. C. Sheridan,* for defendants in error.

Opinion by GREEN, C.: This case was tried in the court below upon the following stipulation :

"It is hereby agreed by and between the parties to this action, that a jury trial shall be waived in this case, and the cause be submitted to the court upon the following agreed facts, which shall be all the evidence in the case: It is hereby stipulated and agreed between the parties hereto, that N. E. Harrelson is, and was on September 6, 1886, the owner of the southwest quarter of section 6, and the northwest quarter of section 7, in township number 17, of range 24, all in Miami county, Kansas; that J. B. Hawthorne is, and was on September 6, 1886, the tenant and occupant of said lands; that on September 6, 1886, said lands were inclosed with a good, sufficient and lawful fence; that the line of defendant's railroad runs through said lands; that on the 6th day of September, 1886, the plaintiff notified the defendant in writing ·to inclose its said line of railroad through said lands with a lawful fence within sixty days therefrom, and maintain the same ; that the defendant did not inclose its line of railroad through said lands with a lawful fence within sixty days from the service of said notice; that on the 14th day of March, 1887, the plaintiff commenced the construction of a good and lawful barbed-wire fence along said line of said railroad through said described lands, and on June 3, 1887, completed the construction of said fence, which entirely inclosed said line of railroad through said described lands; that there are 149 rods of said fence, and that the reasonable cash value for the construction and material of said fence would be fifty cents a rod; that said defendant has not paid anything to plaintiff for the construction of said fence.    It is further agreed that in case the plaintiff is entitled to recover an attorney-fee on this statement of facts, that the sum of $25 would be a reasonable attorney-fee for the prosecution of said action.    The defendant denies that it is liable for the payment of an attorney-fee under the facts and law in this case."

At the June term, 1888, judgment was rendered for the plaintiff below.    The constitutionality of chapter 154 of the Laws of 1885, is challenged by the plaintiff in error.

The claim is first made that the statute in question is unconstitutional and void for the reason that it simply requires railroad companies to fence their roads through lands inclosed by a lawful fence; that it is for the benefit of the land-owners alone. This is not the only object of the law. Animals straying upon a railroad track is one of the recognized sources of danger to travel, and, with the increased speed of railroad trains, experience amply demonstrates the necessity of inclosing railroad tracks through inclosed fields, as well as elsewhere, with good and sufficient fences;. and to insure safety and protection to the traveling public, all these necessary precautions are demanded. It is not the land-owner alone who is benefited. The railroad company, in obeying the law, protects its passengers and its property interests as well. The protection is. threefold. We place the validity of this law upon the broad ground of protection to the passengers who intrust themselves to the care of the railroads. It is the duty of these corporations to give to those who travel in their cars increased safety of life and limb. If, in the judgment of the lawmaking power of the state, this can be done by requiring railroad companies to fence their roads, it is but reasonable and within the power of the state, and they should comply with the legislation. Incidentally, the property of the road is protected, as well as the stock of the adjoining owner. In the exercise of the ordinary police powers of the state, it has been held reasonable to require railroads to fence their tracks, not alone for the protection of the live stock of the abutting owners. Indeed, the chief object of the statute is the protection to the traveling public against accidents occurring through collision of trains with cattle; and one exercise of the power to require railroad companies to fence their tracks does not preclude a second regulation of the same kind, providing for other and different fences. And a railroad company cannot relieve itself from the obligation to erect and maintain fences by a contract with abutting owners. (Tied. Lim., §194; *Blair v. M. & P. C. Rld. Co.,* 20 Wis. 262; *Schmidt v. M. & St. P. Rld. Co.,* 23 id. 186.)

In the case of *O. & M. Rld. Co. v. McClelland,* 25 Ill. 140, the court declared that when the safety of person and property both demand the fencing of railroads, it is no more than the exercise of a reasonable police regulation to require it, and to impose adequate penalties to secure a compliance. And the imposition of such a duty does not deprive the company of any of its corporate rights and franchises, as they still exist, and may be exercised, although it may be in a less commodious manner; but when the public exigencies demand it, it must submit to the regulation, as if required

1. Railroad— fences—valid statute.

of individuals. But we are not obliged to go beyond our own jurisdiction to find ample authority to uphold such legislation. Mr. Justice BREWER, in speaking for this court, in the case of *K. P. Rly. Co. v. Mower,* 16 Kas. 573, cited numerous authorities to support a similar measure, the stock law of 1874. The authorities are fully collated and cited in the opinion of the court in that case, and we need only to call attention to them here. This decision has been upheld and approved since 1876, and we see no good reason why the principle settled then should now be disturbed.

Counsel also contend that that portion of § 3 of the act in question which provides for attorney-fees is unconstitutional and void, for the reason that the subject-matter is not clearly expressed in the title. A reference to chapter 94 of the Laws of 1874, relating to the killing or wounding of stock by railroad companies, will show that the same penalty and provisions are in that statute as in the one in question; and this court has held that § 2 of said chapter 94, giving a reasonable attorney-fee to the plaintiff in case of recovery, for the prosecution of his suit against the railroad company for the value of stock killed or injured, was constitutional; that it is in the nature of a penalty, and is not beyond the power of the legislature. The title questioned is: "An act to compel railroad companies to fence their roads by and through lands inclosed with a lawful fence." This is sufficiently broad and comprehensive to include the penalties prescribed. It is not necessary

**2. Act—title, sufficiently clear.** that the title to an act should be a synopsis or abstract of the entire act, in all its details; it is sufficient, if the title indicates clearly, though in general terms, the scope of the act. (*The State v. Barrett*, 27 Kas. 213.)

There is no error in the record, and we recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.