Andrews vs. Youmans.

ANDREWS, Respondent, vs. YOUMANS, Appellant.

*March 23 — April 12, 1892.*

*(1) View: Discretion.  (2) Evidence: Non-expert opinions as to value.*

1. The refusal to grant a view of premises cannot be assigned as error, the matter resting in the discretion of the trial court.
2. In an action for the wrongful cutting down of shade trees on the side of a stock yard, farmers familiar with the subject and the premises were properly allowed to state what, in their opinion, was the value of the trees as a shelter and windbreak to the owner of the stock yard.

APPEAL from the Circuit Court for *Waukesha* County.

After this action was before this court, and the right of the plaintiff to recover for cutting down the trees in question was determined (78 Wis. 56, where the case is stated), it was tried on the merits, and a verdict given for the plaintiff for $100 damages, and from a judgment thereon the defendant appeals.

The cause of action was for cutting down and carrying away fourteen shade and shelter trees, standing at the side of the highway along plaintiff's lot, consisting of half an acre of land near the depot at Mukwonago, alleged to be valuable to the lot for a stock yard, for which the plaintiff had purchased it, and designed to and had used the lot. After the plaintiff had described in his testimony the situation of the lot and the location of the trees, their size, etc., he called four witnesses, all farmers, to testify as to their value. Each of these witnesses described the trees, their size, character, and location, and stated in substance that their situation was such as to make them of value and serve as a shelter and windbreak for the stock yard. Each of them was asked, considering that the lot was bought for and used as a stock yard, what, in his judgment, the trees were worth to the owner as a shelter or windbreak, and,

under defendant's.objection that the expression of such opinion would be incompetent and trenching on the province of the jury, they were allowed to testify, giving respectively their opinions as to the value of the trees, at $135, $100, $112, and $300. The value of the trees cut into firewood was $6.50. The defendant produced other evidence as to the value of the trees, and when he opened his case requested the court to order a view of the premises by the jury, but this was denied. The defendant assigns as error (1) the refusal of the court to grant a view; (2) the ruling permitting the opinions of the witnesses as to the value of the trees to go to the jury, the defendant insisting that the jury should form its own estimate of damages from the facts appearing in evidence.

*T. W. Haight*, for the appellant, contended that the later and better tendency of the authorities is toward the exclusion of opinions of witnesses on any subject of which the jury has or may have as good means for forming a judgment as the persons testifying. *McGay v. Manhattan El. R. Co.* 40 N. Y. State Rep. 668; *S. C.* 16 N. Y. Supp. 155; *Clark v. Banks*, 6 Hous. 584; *Keiser v. Mahanoy Gas Co.* 22 Atl. Rep. (Pa.), 759; *Roberts v. N. Y. El. R. Co.* 128 N. Y. 455; *Blair v. M. & P. du C. R. Co.* 20 Wis. 262; *Ferrand v. C. & N. W. R. Co.* 21 id. 436; *Church v. Milwaukee*, 31 id. 520; *Wylie v. Wausau*, 48 id. 506; *Bierbach v. Goodyear R. Co.* 54 id. 212; *Gates v. N. P. R. Co.* 64 id. 72; *Knoll v. State*, 56 id. 254.

For the respondent the cause was submitted on the brief of *D. H. Sumner*.

PINNEY, J. 1. The granting of a view of the premises is a matter resting in the discretion of the trial court, and refusal to grant it cannot be assigned as error. Sec. 2852, R. S.; *Pick v. Rubicon Hydraulic Co.* 27 Wis. 433; *Boardman v. Westchester F. Ins. Co.* 54 Wis. 364.

2. Ordinarily a witness cannot give his conclusions from facts, but must state the facts, leaving the drawing of conclusions to the court and jury; but an opinion can be given in evidence by a non-expert as to matters with which he is specially acquainted but which cannot be specifically described. In speaking of the admissibility of such opinions in evidence, Judge Redfield says: "Opinions of witnesses derived from observation are admissible in evidence where, from the nature of the subject under investigation, no better evidence can be obtained. No harm can result from such a rule, properly applied. It opens the door for the reception of important truths which would otherwise be excluded, while at the same time the tests of cross-examination, disclosing the witness' means of knowledge and his intelligence, judgment, and honesty, restrain the force of the evidence within reasonable limits, by enabling the jury to form a due estimate of its weight and value." Redf. Wills, 136–141. Opinions concerning matters of daily occurrence and open to common observation are received from necessity (*Comm. v. Sturtivant,* 117 Mass. 122, 133, 137); and the ground upon which they are admitted in such cases is that from the very nature of the subject in issue it cannot be stated or described in such language as will enable persons not eyewitnesses to form an accurate judgment in regard to it (*De Witt v. Barly,* 17 N. Y. 340; *Snyder v. W. U. R. Co.* 25 Wis. 66).

No language which an ordinary witness could command, by mere description of the trees in question and their location on the lot, would serve to convey to a jury the information and assistance in arriving at a just verdict for cutting them down and carrying them away which would be furnished by the testimony of four farmers familiar with the benefits and advantages to be derived from the trees standing on the lot when used for a stockyard, and who are to be regarded, in fact, as eyewitnesses. They were

asked what, in their judgment, was the *value* of the trees as a shelter and a windbreak to the owner of the lot used for the purpose of stock yards. These witnesses had raised and handled stock for several years, and knew the benefits and advantages to be derived from shelter from sun and wind and storm. The question of value could not be itemized or analyzed. The only answer that could well be made was by an opinion or judgment as to a gross sum, and would be an opinion founded on observation and experience. It is always competent to prove value by the opinions of witnesses who have the requisite knowledge, whether the subject be real estate or personal property. *Clark v. Baird*, 9 N. Y. 183; *Kellogg v. Krauser*, 14 Serg. & R. 142. The witnesses were not asked to state *what damages* the plaintiff had sustained by cutting down and taking away the trees. They were asked, only, what was the value of the trees to the lot owner for certain purposes.

The law in this state has been well settled for a long series of years, in harmony with the authorities cited, which are believed to be the expression of the general rule on the subject, and the question of the admissibility of the evidence in question is settled in this state beyond necessity of further discussion; and we here collate and state some of the principal cases for convenience of future reference. In *Watry v. Hiltgen*, 16 Wis. 516, witnesses who had examined the field where a trespass by cattle had recently been committed, and who knew the extent of the injury, were asked and allowed, against objection, to state at what sum they estimated the damages occasioned by the trespass, and this court held the objection untenable. In *Snyder v. W. U. R. Co.* 25 Wis. 60, 65, where witnesses were asked and allowed to state what, in their opinion, was the value of the land actually taken for the use of the railway track, and also whether the residue of the farm was less valuable

in consequence of the railway crossing it in the manner it did, and how much the value of the property was depreciated thereby, the objection that the testimony was merely the opinions of the witnesses, and that they should have been allowed only to state facts within their personal knowledge, was held to be not well taken. This case is really decisive of this appeal. In *Erd v. C. & N. W. R. Co.* 41 Wis. 65, 68, it was held that, where the question of the value of property is involved which has no fixed market value, it is competent for witnesses to state what according to their best judgment or belief it is worth, the jury being the sole judges as to what weight should be given to it; and in *Neilson v. C., M. & N. W. R. Co.* 58 Wis. 516, 520, the rule laid down in these cases is reaffirmed and applied. In *Moore v. C., M. & St. P. R. Co.* 78 Wis. 124, it is held that "the opinions of witnesses as to values may be given, without any previous examination as to the grounds of it or their competency to give it. Then, on cross-examination, they may be asked their reasons or as to their knowledge of the property; or their competency may be first shown. They are not experts having special skill and experience in a particular trade, business, or profession. They are common witnesses. The value of their opinions depends upon their knowledge of the subject."

The case of *Blair v. M. & P. du C. R. Co.* 20 Wis. 262, relied upon by appellant, was where, in an action by one of a mercantile firm against a railway company for personal injuries to the plaintiff's person, it was held that he could not ask his copartner, as a witness for him, what was the amount of damages to the firm for a specified time, by reason of the plaintiff's absence occasioned by his injuries. It was held that the witness could not give his opinion as to the amount of damages, but should state facts from which the jury could estimate their amount; that such opinions were mere conjectures, the amount of damages de-

pending upon the nature, character, and extent of the firm's business, the business capacity and activity of the plaintiff, the activity of trade, etc.   It will be readily seen that there is. no just resemblance between that case and the one under consideration.   *Wylie v. Wausau,* 48 Wis. 508, and *Bierbach v. Goodyear R. Co.* 54 Wis. 208, 211, are in substance the same as *Blair v. M. & P. du C. R. Co.* 20 Wis. 262. The cases of *Swan v. Middlesex,* 101 Mass. 177, and *Sexton v. North Bridgewater,* 116 Mass. 207, are in accord with the rule of the decisions of this court.

There was no error in admitting the evidence objected to.

*By the Court.*— The judgment of the circuit court is affirmed.