## THE MISSOURI PACIFIC RAILWAY COMPANY v. CHARLES B. ECKEL.

1. RAILROAD COMPANY — *Failure to Fence Track — Liable for Stock Killed.* A mare went upon the right-of-way of the railway company, where it ought to have been but was not fenced, and was frightened by a passing train, and was either thrown or ran off the railroad track into a wire fence located near but not on the line of the right-of-way, and sustained such injuries that she died. *Held,* That the railroad company was liable, under ¶ 1252 of the General Statutes of 1889.

2. HIGHWAY, *Parallel with Railway Track.* Where there is a traveled road running parallel with the line of a railway, but a sufficient distance from the railway track to permit the construction of a fence, such railway company is not, by reason of the existence of such traveled road, excused from inclosing its road with a good and lawful fence, to prevent animals from being on its track.

3. ———— *Instructions.* The instructions examined, and found not to be erroneous or misleading.

*Error from Butler District Court.*

THE case is stated in the opinion.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error:

1. The facts in the case do not authorize a recovery, under the statute of 1874, relating to the killing and injuring of stock in the operation of railroads. The question first presented amounts to simply this: If a horse, while running at large, becomes frightened at a passing train, and in his flight from the train crosses an unfenced railroad and runs against a wire fence located on the land of another, and which fence was constructed, owned and controlled by him, is the railway company operating said train liable, under the statute above referred to, for the injuries sustained? This question might be answered in the affirmative if it can be said that the object of the fence mentioned in said statute is to exclude animale from the lands of other persons, and thus possibly prevent an injury. The protection of domestic animals, the property of adjoining proprietors, is a minor consideration for upholding this railroad-fence legislation, the protection of the train and its passengers being the main ground. *K. P. Rly. Co. v. Mower*, 16 Kas. 579.

The protection of stock is an incidental object of such statutes. The object is not to protect stock from injuries of every character, but to protect them from such injuries they might sustain on the railroad track. Stock is not protected by such statutes, except from injuries which are of such character that they may also result in an injury to the train or its passengers. As the principal object of the statute is to protect the train and its passengers from injury, and as an animal can cause no injury to a train unless it also receives an injury upon the railroad track, it follows that the railway company is not liable for injuries sustained by an animal elsewhere. This is apparent from the statute itself. Laws of 1874, ch. 94, § 5. It is obvious that the legislature did not intend this act to apply unless the injury was sustained on the road, for it is expressly stated in the law that if the road is inclosed with a lawful fence to prevent animals from being on the same, the

act shall not apply. *A. T. & S. F. Rld. Co. v. Yates*, 21 Kas. 613; *Leebrick v. R. V. & S. W. Rld. Co.*, 41 id. 756.

We are aware that this court has held that under the statute no actual collision between the engine and the animal injured is essential to liability. *A. T. & S. F. Rld. Co. v. Jones*, 20 Kas. 527. We do not dispute that proposition. But we contend that the accident must occur on the road, as it did in the case above cited. The train did not overtake the mare, nor did it injure her, and therefore this alleged act of negligence sustains no relation to the injury complained of and no liability arises because of the finding that the company was guilty of negligence in failing to slacken the speed of the train. *N. O. & N. E. Rly. Co. v. Thornton*, 3. S. Rep. 654.

The court erred in refusing to submit to the jury certain interrogatories, in refusing to give the instruction asked by plaintiff in error, and in giving to the jury instructions which were erroneous and misleading.

*Redden & Schumacher*, for defendant in error:

Did the facts authorize a recovery under the statute of 1874? Counsel completely ignore the decision of this court in *Mo. Pac. Rly. Co. v. Gill*, 30 Pac. Rep. 414. That decision renders it unnecessary to do more than briefly refer to the argument on this point. The testimony shows beyond doubt that if the railway company had complied with the law, and had a good and lawful fence upon the north line of its right-of-way, the mare never could have got on the premises of the company, and presumably would not have been injured, and, if injured, the company would have been relieved from liability.

Neither *A. T. & S. F. Rld. Co. v. Yates*, 21 Kas. 613, nor *Leebrick v. R. V. & S. W. Rld. Co.*, id. 756, cited by counsel, is applicable; for the court held in each of these cases the the company was not liable because, if it had constructed a lawful fence, it would not have kept the hogs that were injured from off the right-of-way and track of the railway; therefore, it could not have prevented the injury. In the

case at bar, a fence on the north line of the right-of-way would have prevented the horses from being on railroad grounds. On this point see *Mo. Pac. Rly. Co. v. Bradshaw*, 33 Kas. 536. Without further comment, we submit that our case comes within the facts and the law laid down by this court in *A. T. & S. F. Rld. Co. v. Jones*, 20 Kas. 527, and *Mo. Pac. Rly. Co. v. Gill*, above cited, and these cases render the affirmance of the judgment necessary. See, also, *Krouse v. B. C. R. & N. Rld. Co.*, 7 N. W. Rep. 598; *Young v. St. L. K. C. & N. Rld. Co.*, 44 Iowa, 172; *Maher v. W. & St. P. Rly. Co.*, 18 N. W. Rep. 105.

Opinion by GREEN, C.: Charles B. Eckel brought an action against the Missouri Pacific Railway Company to recover damages and attorney's fees for a mare alleged to have been killed by the negligence of the railroad company in the operation of its railroad, in Butler county. It seems that the right-of-way was not fenced on the north side of the railroad. South of the railroad, and near the south line of the right-of-way, there was a wire fence constructed and owned by the owner of the adjoining land, running east and west parallel with the track. North of the railroad, and partially on the right-of-way, there was a traveled road, which had been used as such for several years, but was not a regularly laid out highway. The mare in question had been kept in a pasture about a mile and a half from where the accident occurred, but escaped from the inclosure on account of a storm which blew down the fence. She passed over an adjoining field, on the railway track, going in a southwesterly direction. It appears from the evidence that she became frightened by an approaching train from the east, and she either ran or was thrown off of the track into the barb-wire fence on the south line of the right-of-way, where she sustained such injuries that she died in a short time. At the December term, 1889, the plaintiff obtained a judgment against the railroad company for $96 damages and $45 attorneys' fees.

It is contended by the railroad company that the facts do

not authorize a recovery under ¶ 1252 of the General Statutes of 1889. It is urged that, because the mare was not struck by the engine or cars of the railway company, and did not come in contact with any property owned, constructed or operated by the company, there is no liability. The proposition, as stated by the plaintiff in error, is this: If a horse, while running at large, becomes frightened at a passing train, and in his flight from the train crosses an unfenced railroad and runs against a wire fence located on the land of another, and which fence was constructed, owned and controlled by him, is the railway company liable, under the statute, for the injuries sustained? It is conceded that the question might be answered in the affirmative if it can be said that the object of the fence required by the statute is to exclude animals from the lands of other persons, and thus possibly prevent an injury. We assume it to be one of the objects of the law to require railroad companies operating lines of railroads in this state to fence the same so as to prevent animals from being on such roads. This court has said:

"Animals straying upon a railroad track is one of the recognized sources of danger to travel; and with the increased speed of railroad trains, experience amply demonstrates the necessity of inclosing railroad tracks through inclosed fields, as well as elsewhere, with good and sufficient fences; and to insure safety and protection to the traveling public, all these necessary precautions are demanded. It is not the land-owner who is benefited. The railroad company, in obeying the law, protects its passengers and its property interests as well. The protection is three-fold. . . . In the exercise of the ordinary police powers of the state, it has been held reasonable to require railroads to fence their tracks, not alone for the protection of the live stock of the abutting owners. Indeed, the chief object of the statute is the protection to the traveling public against accidents occurring through collision of trains with stock." (*Mo. Pac. Rly. Co. v. Harrelson*, 44 Kas. 253.)

As stated by Judge BREWER, in the case of *Railroad Co. v. Jones*, 20 Kas. 527, the language of the statute is very broad, and extends to those cases where animals are injured

in any other manner whatever in the operation of such railway.

In a very recent case it was held by this court, that where an animal was pasturing on the right-of-way of a railroad at a place where it ought to have been fenced but was not, and was frightened by the sounding of a whistle upon an engine drawing a train of cars, and ran along by the side of the track on the right-of-way into a wire fence running at right angles with the railroad, and was injured, the company was liable under the statute. (*Mo. Pac. Rly. Co. v. Gill*, ante, p. 441; same case, 30 Pac. Rep. 414.) In this case the mare got on the right-of-way and was frightened by the cars, and was either struck or ran off of the track into the fence, located near but not on the right-of-way, and was killed. Was the animal injured by reason of the failure of the railway company to fence its road? It seems from the evidence that the mare was frightened, while on the right-of-way, by the passing train, and, on account of such fright, ran into the fence and was injured. Was not the operation of the train without a fence inclosing the right-of-way the proximate cause of such injury? The company left the road unfenced. It knew that animals were liable to stray upon the right-of-way, and thus be in danger from the operation of its trains. We are of the opinion that the railway company was liable under the statute.

It is next urged that the court erred in refusing to submit certain interrogatories to the jury in regard to a highway on the north side of the railroad track, and also refused to instruct the jury that if there was a road traveled by the public as a highway along the north side of the railroad, and a portion of such road was on its right-of-way, the company would be excused from fencing its road on that side, and would not be liable for damages to stock occasioned by the failure to construct a fence. It was established by the evidence that this traveled road was from 20 to 60 feet from the railroad track; it was not a regularly laid out road. We do not think, under the facts of this case, the company was excused

from fencing its road. There was space sufficient between the traveled way and the track to have built a fence. The fact that it was a traveled road and not a pasture makes the necessity for a fence all the greater.

The final objection urged is, that the instructions of the court were erroneous and misleading. After quoting the statute, the court said to the jury: "The foregoing does not apply to any railway or corporation, or the assignee or lessee thereof, whose road is inclosed with a good and lawful fence, *which prevents* such animals from being on such road." The criticism is made that the court gave the jury to understand that the road must be inclosed with such a fence as would actually prevent the animals from going upon the track. The language of the statute is: "This act shall not apply to any railroad company or corporation, or the assignee or lessee thereof, whose road is inclosed with a good and lawful fence to prevent such animals from being on such road." We do not think the words "which prevents," as used in the court's charge, instead of the language of the statute, "to prevent," misled the jury.

An affirmance of the judgment of the district court is recommended.

By the Court: It is so ordered.

All the Justices concurring.