## APRIL TERM, 1898.

[No. 3634.]

### THE SMUGGLER UNION MINING CO. v. BRODERICK.

1. NEGLIGENCE—EVIDENCE—EXPERT TESTIMONY.

Where witnesses qualified to speak in that behalf testified as to the proper manner to carry up a stope in a mine, and how the stope in question was driven, accurately describing the place where plaintiff was working when injured, it was erroneous to permit such witnesses to be asked, and to answer, a hypothetical question based upon such testimony, as to whether they considered such a stope an ordinarily *safe* place for a man to work in.

2. EXPERT TESTIMONY.

Where the question at issue involves peculiar skill and science, the opinion of an expert may be given in evidence; but where the question is one concerning which jurors of ordinary capacity and experience, and accomplishments such as are possessed by the average man, are capable and competent to decide, the opinion of an expert should not be admitted.

3. ERROR—REVERSIBLE.

The rule that a judgment should not be reversed when the error complained of works no injury, applies only when it appears so clear as to be beyond doubt that the error did not and could not have prejudiced the party's rights. A reversal will be directed unless it so appears.

*Appeal from the District Court of Arapahoe County.*

Messrs. WOLCOTT & VAILE, for appellant.

Mr. JOSEPH W. TAYLOR, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The plaintiff brought this action to recover damages for personal injuries sustained by him while working as a helper for a timberman in a certain stope of the defendant's mine, which were alleged to have been caused by the negligence of the defendant in failing to construct and carry up the stope,

in which the injuries were received, in an ordinarily safe and prudent manner. The answer denied the alleged negligence, and pleaded negligence of plaintiff contributing to the injury.

Upon the evidence submitted, and under the instructions of the court, the jury returned a verdict for the plaintiff upon which the court entered judgment, to reverse which the defendant company prosecutes this appeal.

A number of errors have been assigned and discussed; but, in our view, it is necessary to consider only one of them, for its commission necessitates a reversal of the judgment. Some of the other questions argued are not properly in the case, and still others may not again arise; hence, a determination of them is not required.

Counsel for the plaintiff called as a witness a miner, qualified to speak in that behalf, to testify as to the proper manner to carry up a stope, and the witness told how it should be done. Then, in the form of a hypothetical question, based upon the testimony showing the manner in which the stope in question was constructed, asked of the witness if he considered such a place, thus made, an ordinarily safe place for a man to work in, to which the witness replied that it was not a safe place. Substantially the same questions were asked of other witnesses by the plaintiff, and the same answers given.

Such evidence was inadmissible, and the rulings of the court thereupon were erroneous. After the witnesses had fully testified what was the right, and what the wrong, way to run a stope, and then how this stope was run, and had accurately described the place in which plaintiff was working, the jury were just as well qualified to determine whether it was reasonably safe as were the witnesses themselves. Indeed, it was the very thing which the jury were empaneled to determine. It was not, as was the question in *Colo. Midland R. R. Co. v. O'Brien*, 16 Colo. 219, a question involving peculiar skill and science. In such cases, under a well recognized exception to the general rule, the opinion of an

expert may be given. This is because of the necessities of the case. But where, as here, the question was one concerning which jurors of ordinary capacity and experience, and accomplishments such as are possessed by the average man, are capable and competent to decide, the opinion of an expert should not be admitted.

This court has been very liberal,—beyond that of most courts,—in admitting testimony of this character, but never, under such a state of facts as this record discloses, has gone to the extent allowed in this case. When the witnesses were permitted to testify what was the right, and what not the right, way to construct the stope, certainly that was as far as they should have gone. When the court, over defendant's objection, permitted them to draw, as an inference, from this testimony that the place in question was not safe, and so to testify, that was an usurpation of the function of the jury.

That the error committed is reversible, seems also well settled by the authorities. In a case involving the same principle, this court in *D. S. P. & P. R. R. Co. v. Wilson,* 12 Colo. 20, used this language: "It is impossible to say that the admission of this testimony was error without prejudice; it may have been the very thing that induced the jury to find negligence on the part of the defendant." The rule upon this question has been laid down by the supreme court of the United States in numerous cases which we approve, as the one to be followed in this jurisdiction.

In *Deery v. Cray,* 5 Wall. 795, in answer to the argument that a judgment should not be reversed when the error complained of works no injury, Mr. Justice Miller, speaking for the court, says: "But whenever the application of this rule is sought, it must appear so clear as to be beyond doubt that the error did not and could not have prejudiced the party's rights."

Expressly reaffirming these announcements of the rule are *Smiths v. Shoemaker,* 17 Wall. 630; *Gilmer v. Higley,* 110 U. S. 47; *Vicksburg & Meridian R. R. v. O'Brien,* 119 U. S.

99, where this phraseology is employed: "It is well settled that a reversal will be directed unless it appears, beyond doubt, that the error complained of did not and could not have prejudiced the rights of the party."

Also *Mexia v. Olliver*, 148 U. S. 664, and *Boston & Albany R. R. v. O'Rielly*, 158 U. S. 334.

Because of the error of the district court in the admission of this evidence, the judgment is reversed and the cause remanded for a new trial.

*Reversed.*