[No. 3921.]

## The Holy Cross Gold Mining and Milling Co. v. O'Sullivan.

1. Negligence—Evidence—Opinions of Witnesses.

In an action for damages by a miner against the mine owner for injuries caused by the explosion of a " missed shot " in the tunnel where plaintiff was at work, where the negligence alleged was the omission of defendant to detect and remove the " missed shot," it was error to admit in evidence over defendant's objections the opinion of witnesses that by using ordinary care every missed shot could be detected. It was also error to permit witnesses to testify over objection that in other mines where they had worked, " missed shots "· had always been detected and removed without an explosion where it was not shown that the condition of these other mines was the same or similar to that of the mine in question.

2. Same.

In an action by a miner against the mine owner for damages for personal injury alleged to have been caused by defendant's negligence, it was error to permit an officer of defendant company, on cross-examination, to be questioned as to whether other suits for damage had been brought against the defendant, and as to whether or not they had been settled.

3. EVIDENCE—OBJECTIONS—APPELLATE PRACTICE.

Where the general objection is made to the admission of evidence that it is "incompetent, irrelevant and immaterial " the objection is sufficient to permit the assignment and argument on review of any specific objection embraced within the general one and is also sufficient where it appears that if a more specific objection had been made it would have been unavailing.

4. APPELLATE PRACTICE—EVIDENCE, PREJUDICIAL.

Where in the trial of a case to a jury, evidence is erroneously admitted over objection, that is prejudicial to the objecting party, a judgment against the objecting party will be reversed notwithstanding there is other evidence sufficient to sustain the verdict.

5. INSTRUCTIONS—FAILURE TO SUBMIT ISSUE.

Where in an action for damages for personal injury the pleading and evidence put in issue the question as to whether or not the injury resulted from one of the ordinary risks incident to the employment in which plaintiff was engaged, it was error for the court, upon request, to refuse to instruct the jury as to the law applicable to such risks.

*Error to the District Court of Arapahoe County.*

Mr. WM. J. MILES, for plaintiff in error.

Mr. B. M. MALONE, Mr. R. D. THOMPSON and Mr. HARVEY RIDDELL, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The defendant in error, O'Sullivan, plaintiff below, was employed by plaintiff in error, the Holy Cross Gold Mining and Milling Company, defendant below, to work in its gold mine, and while engaged in cleaning out a tunnel, what the witnesses call a "missed hole" or "missed shot" (that is, an unexploded charge of powder), was exploded, producing an injury to plaintiff, for which he brought this suit to recover damages, alleging that the proximate cause of the injury was the negligence of the defendant in not exercising ordinary care to discover and remove the "missed shot." There was a verdict for the plaintiff on which was entered a judgment, to reverse which this writ is prosecuted.

On the direct examination of the plaintiff the following questions were asked and answers given, to which defendant objected and saved exceptions to the adverse ruling on them:

" Q. State to the jury how the search is made, and if a missed shot can be found, and what search it requires to discover it.

" A. In the previous mines I have been in, if the top hole was gone, we could carefully remove the dirt from the bottom. We could know where the holes were, and could look to see where it was. We could get what we called a scraper, or a little piece of long steel, insert that into this hole with caution, and if we met the tamping, we would get water and work this tamping out. We located the powder, drew it out and set this hole off again.

" Q. State to the jury whether or not, if a man has been ordinarily careful in looking for missed shots, you ought to be or could be able to find them.

" A. In using ordinary care, a man could detect every missed shot. * * * "

And upon the examination of Conroy, a witness for the plaintiff, the court, over defendant's objection, allowed the following questions to be put and answered:

" Q. Mr. Conroy, you said that in a mine that you worked in that there had been four missed shots. Explain to the jury whether these missed shots were discovered before they were discharged.

" A. Yes, sir, they were discovered.

" Q. State to the jury whether from any of these missed shots anybody had been hurt.

" A. No, sir.

" Q. State whether they were discovered before any explosion of them occurred.

" A. Yes, sir, they were discovered.

" Q. Can a person in using ordinary care in mining operations detect missed shots ?

" A. Yes, sir. "

The negligence alleged was the omission by the defendant to exercise ordinary care in detecting and removing the "missed hole" whose explosion caused plaintiff's injuries. By the admission of this testimony the plaintiff was allowed to get before the jury not what care or efforts had, or had not, been exercised by the defendant in this particular mine to detect and remove dangerous explosives, but the opinion of witnesses that if the ordinary care which the defendant ought to exercise in providing a reasonably safe place for its employés to work in, had been taken, the dangerous thing would have been removed, and the injury would not have happened. In other words, these witnesses usurped the function of the jury, and were allowed to give their opinions upon the precise question, which the jury were to decide as the ultimate fact in the case. The jury were just as competent as the witnesses, to determine from legitimate evidence, whether ordinary care would result in detecting missed shots. The admission of this evidence was clearly erroneous under several decisions of this court. *Olds v. Keener*, 22 Colo. 6; *Combs v. Ag. Ditch Co.*, 17 Colo. 146; *Smuggler Union Mining Co. v. Broderick*, 25 Colo. 16. See also, *Colo. Coal & Iron Co. v. Lamb*, 6 Colo. App. 255, *Blair v. Milwaukee, etc., R. R. Co.*, 20 Wis. 262, Rapalje on Law of Witnesses, § 294, *et seq., Hunt v. Lowell Gas Light Co.*, 8 Allen (Mass.), 169, Lawson on Expert and Opinion Evd. 94, *Hopkins v. Indianapolis, etc., R. Co.*, 78 Ill. 32, *Buxton v. Somerset Potters' Works*, 121 Mass. 446, and *Barnes v. Town of Newton*, 46 Ia. 567.

In another aspect, also, was the court in error in admitting this testimony. The witnesses were permitted to testify that in other mines at other places and at other times "missed holes" were detected and removed by the exercise of ordinary care. This is clearly bringing into the case a collateral matter, which inevitably tends to withdraw the minds of the jury from the point at issue in the case, and to excite prejudice and mislead them. There was not even any attempt to show, what, according to some authorities, would have war-

ranted its admission, that the condition of these other mines was the same as, or substantially similar to, that of the mine in question. *Sampson M. & M. Co. v. Schaad,* 15 Colo. 197 ; *Parker v. Portland Pub. Co.,* 69 Me. 173 ; *Sylvester v. Jerome,* 19 Col. 128 ; *Denver, etc., Ry. Co. v. Glasscott,* 4 Colo. 270 ; *Mo. Pac. Ry. Co. v. Mitchell,* 75 Tex. 77 ; *Mayer v. Thompson-Hutchison Building Co.,* 116 Ala. 634 ; Rapalje on Witnesses, § 246.

George L. Kimball, an officer of the defendant company, was called in its behalf, and upon his direct examination testified that, previous to December, 1896, which was about the time plaintiff received his injury, no accident had occurred in that part of the mine under the immediate direction of Charles Nelson, who was the foreman of the defendant company, and under whose direction and supervision the plaintiff was working when he was hurt. The court, over the objection of the defendant, permitted the following cross-examination:

" Q Haven't you had accidents in which you have been sued, besides this one ?

" A. Yes, sir.

" Q. How many suits have been brought against you for damages ?

"A. Three.

" Q. How many cases for damages have you settled ?

" A. Two."

That this was a most flagrant error, prejudicial to the defendant, is too clear for argument; and the error was, if possible, intensified since there was no attempt to show whether the suits were brought for damages for personal injuries due to negligence, or for breach of contract, or that Nelson was responsible for, or in any wise connected with, the negligence, if any such there was, which formed the basis of the actions.

Counsel for defendant in error, however, seek to justify the ruling upon the ground that it tended to negative the competency of Nelson, and to impeach the testimony of the witness Kimball, who had, upon his examination in chief, said

that no complaints had been brought to the attention of the company of his negligence. This contention finds no warrant in the facts, for Nelson was not shown, as we have said, to have been connected with such suits in any way. Even if the evidence could be said to bear upon the question of Nelson's competency, its admission would still be objectionable, for a party may not be confronted at a trial with evidence that he has offered to purchase his peace.

Defendant in error further argues that, if there was error in the admission of this testimony, plaintiff in error cannot, upon this review, avail itself of the objection based upon the rulings for the reason that the only objection below was that it was "incompetent, irrelevant and immaterial," and that these general terms are not broad enough to include the specific objection now urged, and cites *Noonan v. Caledonia Mining Co.*, 121 U. S. 393, *Tabor v. Comm. Nat. Bank*, 62 Fed. Rep. 383, *Burlington Ins. Co. v. Miller*, 60 Fed. Rep. 254, and *Mo. Pac. Ry. Co. v. Hall*, 66 Fed. Rep. 868. These cases are to the effect that where the specific objection urged upon review is not embraced within the general objection made below, it cannot be considered. But, as will appear from an examination of the cases cited, where the general objection is broad enough to include the specific ground assigned for error, or where, if a more specific objection was made below it would have been unavailing, or could not have been obviated at the trial, advantage of the objectionable ruling may still be taken on review. We do not see how any more specific objection could have been made to the admission of this testimony. If the defendant had minutely called to the court's attention the objections which in argument have been made upon appeal, it would have been unavailing, for no steps that the plaintiff could have taken at the trial would have obviated the objection, or made the evidence admissible.

The plaintiff further contends that, if all of the testimony produced in his behalf, both in chief and upon cross-examination, should be entirely disregarded and stricken from the record, a case of negligence has been clearly made out by the

evidence introduced in behalf of the defendant; and in support of this claim calls our attention to some of the cross-examination of defendant's witnesses. But when all of the evidence produced by the defendant is considered, as should be done, this claim is wholly untenable. Besides this, we are clearly of opinion that the admissibility of the testimony in behalf of plaintiff, to which we have already adverted, was clearly prejudicial to defendant, and for that reason alone the judgment should be reversed. *Smuggler Union Co. v. Broderick, supra.*

2. In the complaint it was averred that the injury sustained did not result from one of the ordinary risks incident to the employment in which plaintiff was engaged, and this was put in issue by the answer. The defendant asked the court to instruct the jury upon the law applicable to such risks. The court refused to give the instruction asked, and did not elsewhere in the charge give to the jury its equivalent. In this the court plainly erred. Whether the injury arose from one of the ordinary risks of the employment was certainly an issue in the case, and if the jury believed from the evidence that it did, there could be no recovery.

The defendant in error does not, as we understand it, question the correctness of the instruction tendered as a proposition of law in a proper case, but says that it was not applicable to the case at bar; and, in this connection, says that defendant was not sued for any negligent act or omission of a fellow-servant of the plaintiff, or for a defect which was not discoverable to an ordinary observer. It was sued, counsel say, for the negligence of Nelson, the foreman or superintendent of the company, and therefore they conclude that it would have been improper to give this instruction.

We fail to perceive the force of this argument. The question whether the injury which plaintiff received was the result of a defect not discoverable by ordinary care or observation, or whether it was due to the negligence of defendant, or whether the accident was one of the ordinary things whose consequences an employee assumes when he enters the em-

ployment, was one which it was the duty and province of the jury to determine; and under the issues of the case in hand the defendant had the right, under the evidence, to the instruction asked.

Other errors argued we do not consider, as they are not important in view of the foregoing conclusions. The judgment must be reversed and the cause remanded.

*Judgment reversed and cause remanded.*